IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNA SIEVERS and
JOEL SIEVERS,

    Plaintiffs,

v.

                                                Case No. 2:23-cv-00995-MIS-JHR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,[1]

    Defendant.

**ORDER DENYING STATE FARM'S MOTION TO DISMISS COUNT 8**

THIS MATTER is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Count 8, ECF No. 3, filed November 10, 2023. Plaintiffs Jenna Sievers and Joel Sievers did not file a Response. Upon review of the Motion and the relevant law, the Court will **DENY** the Motion.

**I.**     **Background**

On August 16, 2017, Plaintiff Jenna Sievers ("Jenna") was driving her 2011 Chevrolet Camero when it was struck from behind by another vehicle. ECF No. 1-1 ¶ 6. The collision forced Jenna's vehicle off the road and caused damage to the vehicle and injuries to Jenna. Id. ¶ 8.

Jenna's vehicle was insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") under a Policy purchased by her father, Plaintiff Joel Sievers. Id. ¶ 5. The Policy provided for uninsured/underinsured motorist ("UM/UIM") coverage of $250,000.00/$500,000.00 per occurrence.

---

[1]     David Bonner, d/b/a David Bonner Insurance, is also listed as a Defendant in the Complaint. ECF No. 1-1. However, all claims against Mr. Bonner were dismissed during state court proceedings. See ECF No. 1 ¶ 4.

Shortly after the accident, State Farm was notified of Jenna's UM/UIM claim. Id. ¶ 10. State Farm was advised through the claim specialist handling Jenna's claim that she was still suffering from the injuries caused by the accident and was pursuing a claim for underinsured motorist coverage under the Policy. Id.

Jenna filed a lawsuit against the driver of the other vehicle and his insurance company in the District Court of Roosevelt County, New Mexico. Id. ¶ 11. Plaintiffs, with State Farm's permission, settled with the driver of the other vehicle and his insurance company for a full policy limit, which were the minimum limits established by New Mexico statute. Id. ¶ 13.

On August 15, 2023, Plaintiffs filed the instant Complaint in New Mexico state court, alleging that State Farm has wrongfully failed to provide any UM/UIM coverage under the Policy. See ECF No. 1-1. The Complaint contains the following causes of action:

- Count I seeks UM/UIM benefits under the Policy, id. ¶¶ 17-19;

- Count II alleges violations of New Mexico's Unfair Trade Practices Act ("UPA"), N.M. Stat. Ann. §§ 57-12-2(D)(7), (D)(15), (D)(17), and 57-13-2(E) id. ¶¶ 20-24;

- Count III alleges a violation of the New Mexico Insurance Code's Trade Practices and Frauds Act, N.M. Stat. Ann. §§ 59A-16-20(A), (B), (C), (E), (G), and (N), id. ¶¶ 25-29;

- Count IV alleges a claim for bad faith breach of the insurance contract, id. ¶¶ 30-34;

- Count V alleges a breach of the implied covenant of good faith and fair dealing, id. ¶¶ 35-37;

- Count VI alleges a breach of contract, id. ¶¶ 38-42;

- Count VII asserts a claim for punitive damages, id. ¶¶ 43-45; and

- Count VIII alleges a claim for negligent misrepresentation, id. ¶¶ 46-50.

On November 10, 2023, State Farm removed the case to the United States District Court for the District of New Mexico based on diversity of citizenship. ECF No. 1.

Also on November 10, 2023, State Farm filed the instant Motion to Dismiss Count 8 for failure to state a claim. ECF No. 3. On November 14, 2023, the Parties filed a Joint Motion for Stay of Proceedings to allow the Parties to engage in settlement negotiations. ECF No. 6. On November 15, 2023, United States Magistrate Judge Jerry H. Ritter granted the Motion for Stay of Proceedings and stayed proceedings for 90 days. ECF No. 7. Judge Ritter subsequently extended the stay to April 15, 2023, ECF No. 9, and again to May 20, 2024, ECF No. 12. The Parties failed to settle, and on May 22, 2023, Judge Ritter issued an Initial Scheduling Order, ECF No. 14, effectively lifting the stay.

To date, Plaintiffs still have not filed a Response to the Motion to Dismiss, and the deadline for doing so has long since passed.[2]

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a

---

[2] Under the Local Rules, "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR–Civ. 7.1(b). However, the court cannot grant a motion to dismiss or a motion for summary judgment based solely on a plaintiff's failure to respond and must consider the merits of the motion. See Issa v. Comp USA, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

defendant has acted unlawfully." Id.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  Twombly, 550 U.S. at 555.  Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible."  Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

**III.     Discussion**

State Farm argues that the negligent misrepresentation claim in Count VIII should be dismissed because New Mexico does not recognize a claim for ordinary negligence or negligent representation in the insurance context.  ECF No. 3 at 3.  In this regard, it argues that the legal standard in a "'failure to pay' type of case is 'frivolous or unfounded[,'] not 'ordinary care[.']"  Id.  It argues that Count VIII is duplicative of Count II, which alleges a violation of New Mexico's Unfair Trade Practices Act.  Id. at 3-4.

The Court rejects State Farm's argument that New Mexico does not recognize a claim for negligent misrepresentation in the insurance context.  "Under New Mexico law, a negligent misrepresentation claim may sound between parties to a contract, or between an insurer and insured."  Palmer v. State Farm Mut. Auto. Ins. Co., 584 F. Supp. 3d 1018, 1033 (D.N.M. 2022) (citing R.A. Peck, Inc. v. Liberty Fed. Sav. Bank, 766 P.2d 928, 933 (N.M. Ct. App. 1988) (observing that a claim for negligent misrepresentation may arise from a contract of insurance); Charter Servs., Inc. v. Principal Mut. Life Ins. Co., 868 P.2d 1307, 1311 (N.M. Ct. App. 1994) (affirming judgment for plaintiff on negligent misrepresentation claim against insurance company)).  See also Apodaca v. Young Am. Ins. Co.., __ F. Supp. 3d __, 2023 WL 7706283, at *24 (D.N.M. Nov. 15, 2023) (finding that the plaintiff stated a claim for negligent

4

misrepresentation against insurance company in action for UM/UIM coverage); Mostoller v. USAA Life Ins. Co., No. 1:22-cv-00687-JHR-SCY, 2023 WL 5564105, at *9-10 (D.N.M. Aug. 29, 2023) (finding that the plaintiff had sufficiently pled a claim of negligent misrepresentation against insurance company); Belanger v. Allstate Fire & Cas. Ins. Co., 588 F. Supp. 3d 1249, 1266 (D.N.M. 2022) (finding that the plaintiff "has alleged a viable [negligent misrepresentation] claim that Defendants misled her into believing she would receive underinsured motorist coverage when they would not" provide UIM coverage); Schwartz v. State Farm Mut. Auto. Ins. Co., No. 1:18-cv-00328-WJ-SCY, 2018 WL 4148434, at *4 (D.N.M. Aug. 30, 2018) ("Under New Mexico law, a negligent misrepresentation claim may sound between parties to a contract, or between an insurer and insured, in some circumstances."). State Farm fails to cite any authority holding otherwise.

Based on the foregoing authority, the Court finds that New Mexico recognizes a claim for negligent misrepresentation in the insurance context.

The Court also rejects State Farm's argument that Plaintiffs' claim for negligent misrepresentation is duplicative of their claim under New Mexico's UPA. To begin with, the Federal Rules of Civil Procedure permit a Plaintiff to pursue multiple theories of liability. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or hypothetically."). Furthermore, the claims have different elements. Compare Robey v. Parnell, 392 P.3d 642, 652 (N.M. Ct. App. 2017) ("To recover under a theory of negligent misrepresentation, a plaintiff must show that: (1) the defendant made a material representation to plaintiff, (2) the plaintiff relied upon the representation, (3) the defendant knew the representation was false or made it recklessly, and (4) the defendant intended to induce reliance by the plaintiff."), with Mulford v. Altria Grp., Inc., 242 F.R.D. 615, 621 (D.N.M. 2007) ("To state a claim under the UPA, a plaintiff must show that: (1) defendant made an oral or written statement that was either

5

false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale of goods or services; (3) the conduct complained of occurred in the regular course of defendant's business; and (4) the representation may, tends to, or does deceive or mislead any person."). "Given the early stage of this litigation and the ability of plaintiffs to pursue multiple theories of liability under Federal Rule of Civil Procedure 8, the Court will not dismiss" Plaintiffs' negligent misrepresentation claim as duplicative of their UPA claim. Azar v. McKey, Civil Action No. 23-cv-01786-PAB-KAS, 2024 WL 1832453, at *6 (D. Colo. Feb. 29, 2024) (declining to dismiss the plaintiffs' claims for breach of contract, promissory estoppel, breach of guarantee, and negligent misrepresentation as duplicative of their professional negligence claim).

### IV. Conclusion

Therefore, it is **HEREBY ORDERED** that State Farm's Motion to Dismiss Count 8, ECF No. 3, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE